**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware

Case number (*if known*): _____ Chapter 15

☐ Check if this is an amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | | |
|---|---|---|
| 1. | **Debtor's name** | syncreon Automotive (UK) Ltd. |

2. **Debtor's unique identifier**

**For non-individual debtors:**

☑ Federal Employer Identification Number (EIN)   9  8 –0   5   7   1   7   4   8

☑ Other  03012604 . Describe identifier  Company Number .

**For individual debtors:**

☐ Social Security number:   xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ____ ____ ____ ____

☐ Other _____ . Describe identifier _____ .

3. **Name of foreign representative(s)**

Carine Van Landschoot

4. **Foreign proceeding in which appointment of the foreign representative(s) occurred**

Proceeding in the High Court of Justice of England and Wales (Part 26 of the Companies Act)

5. **Nature of the foreign proceeding**

*Check one:*

☑ Foreign main proceeding
☐ Foreign nonmain proceeding
☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

6. **Evidence of the foreign proceeding**

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.  (*See* **Exhibit 1** attached hereto).

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☑ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

Certified extract of minutes appointing Foreign Representative. (*See* **Exhibit 2**)

7. **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☑ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.) (*See* **Exhibit 3** attached hereto).

☐ Yes

Debtor    syncreon Automotive (UK) Ltd.
_____    Case number *(if known)*_____
Name

| | |
|---|---|
| 8. **Others entitled to notice** | Attach a list containing the names and addresses of:  (*See* **Exhibit 4** attached hereto) |

        (i)   all persons or bodies authorized to administer foreign proceedings of the debtor,

        (ii)   all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

        (iii)   all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

**9. Addresses**

**Country where the debtor has the center of its main interests:**

England

**Debtor's registered office:**

Unit 5, Logix Road, R D Park, Watling St.
Number          Street

P.O. Box

Hinckley, Leicestershire          LE10 3BQ
City              State/Province/Region      ZIP/Postal Code

England
Country

**Individual debtor's habitual residence:**

Number        Street

P.O. Box

City              State/Province/Region    ZIP/Postal Code

Country

**Address of foreign representative(s):**

Athenastraat 4-10 Office Building A
Number        Street

P.O. Box

RK Tilburg                NL-5047
City            State/Province/Region      ZIP/Postal Code

The Netherlands
Country

---

**10. Debtor's website** (URL)    http://www.syncreon.com/index.php?id=home

---

**11. Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

    ☑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

    ☐ Partnership

    ☐ Other.  Specify: _____

☐ Individual

---

Debtor    syncreon Automotive (UK) Ltd.                          Case number (if known)_____
          Name

**12. Why is venue proper in *this district*?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

✗ _____          Carine Van Landschoot
  Signature of foreign representative         Printed name

Executed on    07/30/2019
               MM / DD / YYYY

✗ _____          _____
  Signature of foreign representative         Printed name

Executed on    _____
               MM / DD / YYYY

**14. Signature of attorney**

✗  /s/ Laura Davis Jones                    Date    07/30/2019
   Signature of Attorney for foreign representative          MM / DD / YYYY

Laura Davis Jones
Printed name
Pachulski Stang Ziehl & Jones LLP
Firm name
919 N Market St
Number       Street
Wilmington                                  DE        19801
City                                        State     ZIP Code

(302) 652-4100                              ljones@pszjlaw.com
Contact phone                               Email address

2436                                        DE
Bar number                                  State

**<u>Exhibit 1</u>**

**Certified Copy of Decision
Commencing Foreign Proceeding**

WEIL:\97080897\8\69894.0005

**Claim No.  CR-2019-004856**

26 Jul 2019

**IN THE HIGH COURT OF JUSTICE**
**BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES**
**COMPANIES COURT (ChD)**

CR-2019-004856

**THE HONOURABLE MRS JUSTICE FALK**

**25 JULY 2019**

**IN THE MATTER OF SYNCREON GROUP B.V.**

**IN THE MATTER OF SYNCREON AUTOMOTIVE (UK) LTD**

**AND IN THE MATTER OF THE COMPANIES ACT 2006**


（1）    **SYNCREON GROUP B.V.**

（2）    **SYNCREON AUTOMOTIVE (UK) LTD**

**Claimants**

---

### CONVENING DIRECTIONS ORDER

---

**UPON THE APPLICATION** by Part 8 Claim Form dated 18 July 2019 (the "**Claim Form**") of the above named Claimants namely:

(1) syncreon Group B.V. ("**syncreon Group**"), a company incorporated in The Netherlands, whose registered office is situated at Athenastraat 6, 5047 RK Tilburg, The Netherlands; and

(2) syncreon Automotive (UK) Ltd ("**syncreon UK**"), a company incorporated in England, whose registered office is situated at Unit 5 Logix Road, R D Park, Watling Street, Hinckley, Leicestershire, LE10 3BQ;

(each a "**Scheme Company**" and together, the "**Scheme Companies**");

**AND UPON HEARING** Leading Counsel, Mr Mark Arnold QC and Counsel, Mr Adam Goodison for the Scheme Companies;

**AND UPON** each of the Scheme Companies having resolved to appoint Carine Van Landschoot to act as the Scheme Companies' foreign representative in respect of any proceedings under chapter 15 of the U.S. Bankruptcy Code and/or under Part IV of the Canadian Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36;

**AND UPON** the Court adopting in this Order (save where terms are otherwise expressly defined in this Order) the definitions, abbreviations, words and phrases contained in the Scheme Documents hereinafter mentioned;

**AND UPON** the Court being satisfied that it has jurisdiction in relation to the Schemes (as defined below) on the basis that each of the Scheme Companies is a "company" for the purposes of Part 26 of the Companies Act 2006

**IT IS ORDERED AND DIRECTED THAT:**

1      Each of the Scheme Companies be at liberty to convene meetings of its Scheme Creditors to be held from 3pm (London time) on 3 September 2019 at the offices of Weil, Gotshal & Manges (London) LLP, 110 Fetter Lane, London, EC4A 1AY, United Kingdom for the purpose of considering and, if thought fit, approving with or without modification, the schemes of arrangement (each a "**Scheme**" and together the "**Schemes**") to be made between each of the Scheme Companies and the Scheme Creditors (each a "**Scheme Meeting**" and together the "**Scheme Meetings**").

2      The Scheme Meetings convened pursuant to paragraph 1 of this Order shall be held as follows:

(a)      First, to be held at 3pm (London time) on 3 September 2019, the Scheme Meeting of the PCF Lenders of syncreon Group ("**the First Scheme Meeting**");

2

(b)   Second, to be held immediately after the conclusion or adjournment of the First Scheme Meeting, the Scheme Meeting of the Noteholders of syncreon Group ("**the Second Scheme Meeting**");

(c)   Third, to be held immediately after the conclusion or adjournment of the Second Scheme Meeting, the Scheme Meeting of the PCF Lenders of syncreon UK ("**the Third Scheme Meeting**"); and

(d)   Fourth, to be held immediately after the conclusion or adjournment of the Third Scheme Meeting, the Scheme Meeting of the Noteholders of syncreon UK ("**the Fourth Scheme Meeting**").

3     At least 21 clear days before the day appointed for the Scheme Meetings, the Information Agent shall arrange for copies of (i) the notices convening each of the Scheme Meetings; (ii) the Schemes; (iii) the explanatory statement required to be furnished pursuant to section 897 of the Companies Act 2006; and (iv) a Notes Account Holder Letter and/or Proxy Form, for use by the Scheme Creditors in connection with the Scheme Meetings (together referred to as the "**Scheme Documents**") to be:

(a)   announced by the Administrative Agent on the data site maintained by the Administrative Agent (in respect of the PCF Debt);

(b)   made available by the Information Agent through DTC's Legal Notice System (in respect of the Notes); and

(c)   uploaded by the Information Agent to the website at https://www.lucid-is.com/syncreon/ (the "**Scheme Website**") (to be available to all Scheme Creditors).

4     Any supplemental information not included in the Scheme Documents which the Scheme Companies wish to provide to the Scheme Creditors in advance of the Scheme Meetings (or any adjourned

WEIL:\97130031\2\69894.0005

Scheme Meetings) shall be provided in the manner described in paragraph 3 above (save that the Scheme Companies have permission to abridge the 21 clear day stated time limit to a shorter time period, provided Scheme Creditors must have sufficient time to consider such supplemental information before the Scheme Meetings or any adjourned Scheme Meetings).

5      Until the date of the Scheme Meetings, Scheme Creditors may request hard copies of the Scheme Documents from the reception desk at the offices of Weil, Gotshal & Manges (London) LLP, 110 Fetter Lane, London, EC4A      1AY,      United      Kingdom      or      by      email      to Project.Feather.Weil.UK.BFR@weil.com.

6      Copies of the Scheme Documents shall be in the form or substantially in the form of the documents initialled by the Court for identification purposes, subject to the completion of blanks and minor modifications as advised by solicitors and Counsel to the Scheme Companies.

7      Unless the Court orders otherwise, the accidental omission to notify any of the Scheme Creditors with the notice of the Scheme Meetings or the non-receipt of notice of the Scheme Meetings by any Scheme Creditor shall not invalidate the proceedings at the Scheme Meetings.

8      In order to vote on the Schemes (in person, by authorised representative and/or by proxy), Scheme Creditors shall return their duly completed and signed Notes Account Holder Letter and/or Proxy Form so that it is received no later than the Voting Instruction Deadline, being 5.00 p.m. (London time) on 29 August 2019 (or, if a Scheme Meeting is adjourned, 5.00 p.m. (London time) on the day which is two Business Days prior to the date of the adjourned meeting) by submitting it online through the Scheme Website.

9      The Scheme Creditors as at the Voting Instruction Deadline, being 5.00 p.m. (London time) on 29 August 2019, or if a Scheme Meeting is adjourned then 5.00 p.m. (London time) on the day which is two Business Days prior to the date of the adjourned meeting, will be entitled to attend

4

and vote at the Scheme Meetings (either in person, by authorised representative and/or by proxy).

10      Andrew Wilkinson or, failing him, another partner of Weil, Gotshal & Manges (London) LLP be appointed as chairman of each of the Scheme Meetings on behalf of each of the Scheme Companies (the "Chairman").

11      The Chairman be responsible for determining in accordance with the relevant provisions in the Scheme Documents, the entitlement of, and value for which, any Scheme Creditor be permitted to vote at the respective Scheme Meetings by reference to the information supplied by the Scheme Creditor, by the Information Agent, and/or by reference to information contained in the Scheme Companies' books and records.

12      The Chairman be at liberty to accept, at his discretion, otherwise incomplete or late Notes Account Holder Letters and/or Proxy Forms (but, for the avoidance of doubt, provided that any such late Notes Account Holder Letter or Proxy Form is received before the Chairman closes such relevant Scheme Meeting;  and, provided that in the case of an incomplete Notes Account Holder Letter or Proxy Form, sufficient information has been provided in such Notes Account Holder Letter or Proxy Form, or by some other means, to enable the Chairman, in any such given case, to assess the value of the relevant Scheme Claim).

13      The Chairman shall be entitled to rely on the signature on the Proxy Form and/or Notes Account Holder Letter, including one sent by e-mail or fax, as a warranty that the signatory has been duly authorised by the relevant Scheme Creditor to sign the Proxy Form and/or Notes Account Holder Letter on behalf of that Scheme Creditor.

14      The Chairman be at liberty to adjourn a Scheme Meeting provided that if adjourned, such Scheme Meeting recommences as soon as reasonably practicable according to the Chairman's discretion.  In so far as practicable, notification of the time, date and place at which the adjourned Scheme Meeting will occur should be given to Scheme Creditors as follows:

5

(a) announced by the Administrative Agent on the data site maintained by the Administrative Agent (in respect of the PCF Debt);

(b) made available by the Information Agent through DTC's Legal Notice System (in respect of the Notes); and

(c) uploaded by the Information Agent to Scheme Website (to be available to all Scheme Creditors).

15    The Chairman be at liberty to permit the attendance of persons who are not otherwise entitled to attend and vote at a Scheme Meeting, unless an objection is taken by (or by a person appointed to vote by proxy for) a Scheme Creditor entitled to attend and vote at the relevant Scheme Meeting, provided that such a person shall not be entitled to speak at the relevant Scheme Meeting without the permission of the Chairman.

16    The Company shall appoint a representative of the Information Agent who shall count the votes submitted at the Scheme Meetings and, in respect of each Scheme Meeting, provide the Chairman with a certificate setting out the votes submitted at such Scheme Meeting.

17    For the purposes of voting at each of the Scheme Meetings on the resolutions to approve the respective Schemes, Scheme Claims of a Scheme Creditor shall be calculated as at the Record Time, being 5.00 p.m. (New York time) on 23 August 2019, or if the Scheme Meeting is adjourned then 5.00 p.m. (New York time) on the day which is two Business Days prior to the date of the adjourned meeting, based on information confidentially provided to the respective Scheme Companies by the Information Agent.

18    If the Schemes are approved at each of the Scheme Meetings by the required statutory majorities:

(a) The Chairman is directed to file a report on each Scheme Meeting, and the voting, prior to the Court hearing to sanction the Schemes; and

(b)    The Claim Form is adjourned to a further hearing on 10 September 2019 for the Court to consider the sanction of the Schemes

19    The Chairman and/or the Scheme Companies shall have liberty to apply for such further or amended directions as may be considered necessary or appropriate.

**AND IT IS DECLARED THAT:**

20    Carine Van Landschoot (the "**Authorised Representative**") has been validly appointed by the Directors of each of the Scheme Companies to represent the Scheme Companies and act as the Scheme Companies' agent in seeking any relief available to a "foreign representative" in any proceedings commenced in the United States under chapter 15 of the U.S. Bankruptcy Code and in any proceedings commenced in Canada under Part IV of the Canadian Companies' Creditors Arrangement Act, R.S.C. 1985 ("**the CCAA**").

21    The Authorised Representative has been authorised, empowered and directed, in the name and on behalf of the Scheme Companies, to enter into, swear or affirm, execute, deliver, certify, file and/or record, including with the U.S. Bankruptcy Court with respect to the U.S. Proceedings and in the Canadian Court with respect to the Canadian Proceedings, perform, approve and effectuate all necessary documents in connection with the U.S. Proceedings and the Canadian Proceedings, and any related pleadings, affidavits, motions, applications, declarations, and other documentation that shall be or become necessary, proper, or desirable in connection with the U.S Proceedings and the Canadian Proceedings, and to take such actions as she deems appropriate in connection therewith.

**DATED** this day 25 of July 2019.

**Service of the Order**

WEIL:\97130031\2\69894.0005

The Court has provided a sealed copy of this Order to the serving party:

Weil, Gotshal & Manges (London) LLP, 110 Fetter Lane, London EC4A 1AY (ref: Andrew Wilkinson/Mark Lawford/69894.0005)

**<u>Exhibit 2</u>**

**Certified Copy of Extract of Minutes of
Meeting of the Debtor's Board of Directors**

**syncreon Automotive (UK) Limited**
**(the "Company")**

**Registered Number: 03012604**

**Minutes of a Meeting of the Board of Directors of the Company (the "Board") held by telephone at 7.19pm British Summer / 2.19pm Eastern time on 9 July 2019**

---

**PRESENT:**

Colin Michael Enright
Patrick Joseph Brian Enright
Carine Van Landschoot
Alan Jeffrey Carr (following appointment)
Ronald Henry Lataille (following appointment)

**IN ATTENDANCE:**

Andrew Wilkinson (Weil, Gotshal & Manges (London) LLP)
Ryan Preston Dahl (Weil, Gotshal & Manges LLP)
John Singh (PJT Partners Inc. ("PJT"))
Vincent Vroom, Loyens & Loeff N.V
Debbie King, AlixPartners UK

---

## 1    OPENING OF MEETING

**1.1**    It was resolved that Mr Colin Enright be appointed Chairperson of the Meeting.

**1.2**    The Chairperson noted that a quorum was present and that all of the Directors had received notice of the Meeting and of the matters to be discussed, in each case in accordance with the articles of association of the Company (the "**Articles**").

**1.3**    Terms used but not otherwise defined in these Minutes shall have the meaning given to them in the Scheme Document or the Practice Statement Letter (defined in paragraph 8.1(a) below), as applicable.

## 2    PURPOSE

**2.1**    The Chairperson noted that the Meeting had been convened in order for the Board to consider and, if thought fit, resolve to approve:

**(a)**    the appointment of Mr Alan Jeffrey Carr and Mr Ronald Henry Lataille as directors of the Company;

**(b)**    certain actions in connection with the implementation of the proposed Restructuring of syncreon Group B.V. (**"syncreon Group"**) together with certain of its subsidiaries, including the Company (the **"Group"**);

**(c)**    entry into the proposed Schemes (as defined below); and

**(d)**    the relevant documents and acts associated with the implementation of the Restructuring and the Schemes, including commencement of the Recognition Proceedings (as defined below).

**2.2**    The Chairperson noted that each of the documents described in paragraph 8 (*Documents*) below in connection with the Schemes and the Restructuring had been provided to the Directors in advance of the Meeting.



**12.6**  After due and careful consideration, **IT WAS RESOLVED THAT**:

    **(a)**    it was the good faith judgment of the Directors that it would promote the success of the Company for the benefit of its creditors as a whole: (i) to launch the Scheme; and (ii) to enter into the Transaction Documents; the other Scheme Restructuring Documents, and any and all ancillary documents relating to the Restructuring;

(b)    the contents of the Practice Statement Letter and the Explanatory Statement be approved;

(c)    the terms of, and the transactions contemplated by, each of the documents referred to in paragraph (a)12.6(a) be approved;

(d)    the use of and reference to the Scheme Financial Analyses within the Practice Statement Letter, the Explanatory Statement and any witness evidence required in connection with the Schemes be approved;

(e)    the Company would not be in breach of the constitutional documents of the Company by approving the launch of the Scheme, approving the Transaction Documents or by implementing the terms of the Restructuring;

(f)    any Director of the Company be approved to authorise any amendments to the Transaction Documents which he considers in his absolute discretion to be necessary or appropriate;

(g)    any Director of the Company be authorised to make any and all necessary filings to the Court and submit any witness statement evidence to the Court as is required in connection with the launch and sanction of the Scheme;

(h)    Weil, Gotshal & Manges (London) LLP is authorised to make any necessary filings (including signing and/or filing the Claim Form) with the Court required to launch or sanction the Scheme, if so instructed by any Director of the Company or the company secretary;

(i)    pursuant to section 323 of the Act, any Director of the Company be approved to: (i) act as a corporate representative of the Company at any meeting of the shareholders of the Company; and (ii) for the purpose of executing a shareholders' resolution of any company of which the Company is a member from time to time and, at such Director's discretion, may exercise the powers of the Company as such Director thinks fit in relation to any such Company in connection with the Transaction Documents or the implementation of the Restructuring;

(j)    Ms Carine Van Landschoot be and is hereby appointed as the Foreign Representative for the purposes of the Recognition Proceedings;

(k)    Ms Carine Van Landschoot, or failing her any other Director of the Company from time to time, without joinder of any other Director of the Company, be and is hereby authorised, empowered, and directed, in the name and on behalf of the Company, to enter into, swear or affirm, execute, deliver, certify, file and/or record, including with the Bankruptcy Court with respect to the Chapter 15 Recognition Proceedings and in the Canadian Court with respect to the Canadian Recognition Proceedings, perform, approve and effectuate all necessary documents in connection with the Chapter 15 Recognition Proceedings and the Canadian Recognition Proceedings, and any related pleadings, affidavits, motions, applications, declarations, and other documentation that shall be or become necessary, proper, or desirable in connection with the Recognition Proceedings, and to take such actions as she deems appropriate in connection therewith;

(l)    any Director of the Company or duly appointed attorney of the Company (an "**Attorney**"), or in the case of any document to be executed as a deed, any two Directors, any Director and the company secretary, any Director duly witnessed or any Attorney duly witnessed were authorised to:

    (i)    execute all Transaction Documents above on behalf of the Company (in each case incorporating any amendments made pursuant to paragraph 12.6(f) above on the Company's behalf);

    (ii)    execute on behalf of the Company any other document, notice or instruction or take any other steps which may be necessary, desirable or required in connection with the Schemes or the Restructuring; and

|       |        |                                                                                                                                                              |
|-------|--------|--------------------------------------------------------------------------------------------------------------------------------------------------------------|
| (iii) |        | do all such acts considered expedient in connection with the execution of, or performance by the Company of obligations under, the documents referenced in this paragraph; |
| (m)   |        | Weil, Gotshal & Manges (London) LLP is authorised to complete and submit Form AP01 for the appointment of the new directors to Companies House on behalf of the Company; and |
| (n)   |        | the company secretary is authorised to update the Company's Register of Directors and the Register of Directors' Residential Addresses to reflect the appointment of Mr Alan Jeffrey Carr and Mr Ronald Henry Lataille as Directors of the Company. |

## 13    GENERAL

**IT WAS RESOLVED** that any Director or the company secretary be and hereby is authorised to do all such acts and things and agree and execute on behalf of the Company all such other documents, instruments, certificates, notices and confirmations which, in the opinion of any Director or authorised Attorney, are necessary or desirable in order to facilitate the resolutions adopted at this Meeting, and generally to sign all such documents, certificates and notices, and give such representations, undertakings and assurances as may be required in connection with the same.

## 14    CLOSE

There being no further business, the Chairperson declared the Meeting closed.

_____

**Chairperson**

This is certified a true and complete copy of the original

Weil, Gotshal & Manges (London) LLP

Dated: 24/07/2019

*[SYNCREON UK– BOARD MINUTES]*

## Exhibit 3

### Pending Foreign Proceedings with Respect to the Debtor

On July 22, 2019, syncreon Automotive (UK) Ltd. ("**syncreon UK**") commenced a proceeding in the High Court of Justice of England and Wales under part 26 of the Companies Act 2006 to obtain an order sanctioning a scheme of arrangement in respect of syncreon UK (the "**Scheme**").

Contemporaneously with, or soon after, the commencement of this case seeking recognition of the Scheme under chapter 15 of title 11 of the United States Code, Carine Van Landschoot, the duly-appointed foreign representative of syncreon UK, commenced or will commence a parallel proceeding for syncreon UK in the Ontario Superior Court of Justice (Commercial List) seeking recognition of the Scheme under Part IV of the Companies' Creditors Arrangement Act, R.S.C. 1985, c, C-36 as amended.

**Exhibit 4**

**Rule 1007(a)(4)**
**Schedule of Parties**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

```
-------------------------------------------------------- x
In re:                                    :
                                          :        Chapter 15
                                          :
SYNCREON AUTOMOTIVE (UK) LTD.             :        Case No. 19– _____ (      )
                                          :
        Debtor in a foreign proceeding.¹  :
                                          :
-------------------------------------------------------- x
```

## RULE 1007(a)(4) OF FEDERAL RULES
## OF BANKRUPTCY PROCEDURE SCHEDULE OF PARTIES

In accordance with Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and as attested to in the *Declaration of Carine Van Landschoot in Support of Motion for Recognition of Foreign Main Proceeding and Request for Certain Related Relief* filed contemporaneously herewith, Carine Van Landschoot, the duly-appointed foreign representative (the "**Foreign Representative**") of syncreon Automotive (UK) Ltd., the above-captioned debtor (the "**Debtor**"), provides the following schedule of the names and address of the relevant persons, bodies, and parties.

I.  <u>All persons or bodies authorized to administer foreign proceedings of the Debtor:</u>

Carine Van Landschoot
Athenastraat 4–10
Office building A
NL-5047 RK Tilburg
The Netherlands

---

¹  The identifying four digits of the Debtor's U.S. federal tax identification number are 1748. The identifying four digits of the Debtor's local U.K. tax identification number are 2112. The Debtor's (UK) company registration number is 03012604. The location of the Debtor's corporate headquarters and registered office is Unit 5 Logix Road, R D Park, Hinckley, Watling Street, Leicestershire, LE10 3BQ, United Kingdom.

II.     <u>All parties to litigation pending in the United States in which the Debtor is a party at the time of filing of this petition</u>:

The Foreign Representative is unaware of any litigation pending in the United States to which the Debtor is a party.

III.    <u>All of the entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code</u>:

The Foreign Representative is not seeking provisional relief at this time and reserves all rights to seek such relief in the future.

WEIL:\97080897\8\69894.0005

**<u>Exhibit 5</u>**

**Corporate Ownership Statement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------- x
In re:                             :
                                       :     **Chapter 15**
                                         :
**SYNCREON AUTOMOTIVE (UK) LTD.**    :     **Case No. 19– _____ (      )**
                                         :
         **Debtor in a foreign proceeding.**[1]   :
                                         :
---------------------------------------------------------- x

**CORPORATE OWNERSHIP STATEMENT PURSUANT TO**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(a)(4) AND 7007.1**

In accordance with the requirements of Bankruptcy Rules 1007(a)(4) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Carine Van Landschoot, the duly-appointed foreign representative (the "**Foreign Representative**") of syncreon Automotive (UK) Ltd., the above-captioned debtor (the "**Debtor**"), submits the following corporate ownership statement of the Debtor, identifying any corporation that directly or indirectly owns 10% or more of any class of the Debtor's equity interests:

       1.       syncreon UK Holdings Limited, a corporation organized under the laws of the United Kingdom (the "**Direct Parent**"), directly owns 100% of the Debtor's equity interests.

       2.       In addition, the following entities indirectly own 10% or more of the Debtor's equity interests:

           (i)        syncreon International Group Unlimited Company, a corporation organized under the laws of Ireland;

           (ii)       syncreon EMEA Unlimited Company, a corporation organized under the laws of Ireland;

---

[1]    The identifying four digits of the Debtor's U.S. federal tax identification number are 1748. The identifying four digits of the Debtor's local U.K. tax identification number are 2112. The Debtor's (UK) company registration number is 03012604. The location of the Debtor's corporate headquarters and registered office is Unit 5 Logix Road, R D Park, Hinckley, Watling Street, Leicestershire, LE10 3BQ, United Kingdom.

(iii)        syncreon European Holdings Unlimited Company, a corporation organized under the laws of Ireland;

(iv)        syncreon Global (Ireland) Designated Activity Company, a corporation organized under the laws of Ireland;

(v)        syncreon (IOM) Limited, a corporation organized under the laws of the Isle of Man;

(vi)        syncreon Holdings Limited, a corporation organized under the laws of Ireland;

(vii)        syncreon Ireland B.V., a corporation organized under the laws of the Netherlands;

(viii)        syncreon Ireland Acquisition Designated Activity Company, a corporation organized under the laws of Ireland;

(ix)        syncreon Group B.V., a corporation organized under the laws of the Netherlands (the "**Dutch Borrower**");

(x)        syncreon Group Holdings B.V., a corporation organized under the laws of the Netherlands ("**OpCo**");

(xi)        syncreon Global S.à.r.l., a corporation organized under the laws of Luxembourg;

(xii)        syncreon Intermediate Global Holdings Limited, a corporation organized under the laws of the Cayman Islands; and

(xiii)        syncreon Global Holdings Limited, a corporation organized under the laws of the Cayman Islands and the ultimate corporate parent of the Debtor ("**HoldCo**" and the entities in (x) to (xiii) collectively, the "**HoldCo Group**").

3.        As of the date hereof, after reasonable inquiry, the Foreign Representative believes that each of the following parties own 10% or more of the equity interests in HoldCo in the following amounts:

(i)        Horizon Super Holdings L.P., (44.7%);

(ii)        GenNx360 syncreon Investors LLC, (39.3%); and

(iii)        Wychwood Trust, (13.8%).

For the Court's convenience, an abbreviated corporate structure chart is attached hereto.

## Abbreviated Corporate Structure Chart



Fill in this information to identify the case and this filing:

Debtor Name   syncreon Automotive (UK) Ltd.

United States Bankruptcy Court for the: _____   District of   Delaware
                                                                          (State)

Case number (if known): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ *Amended Schedule* _____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration  Rule 1007(a)(4) Statement and Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  07/30/2019          ✗ _____
             MM / DD / YYYY            Signature of individual signing on behalf of debtor

                                       Carine Van Landschoot
                                       Printed name

                                       Foreign Representative
                                       Position or relationship to debtor