## Exhibit A

## Notice of Final Report and Motion

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                          :
                                                                :   **Chapter 15**
                                                                :
**SYNCREON AUTOMOTIVE (UK) LTD.**                                :   **Case No. 19–11702 (BLS)**
                                                                :
Debtor in a foreign proceeding.[1]                              :
                                                                :
---------------------------------------------------------------- x

## NOTICE OF FINAL REPORT OF FOREIGN REPRESENTATIVE AND MOTION FOR ENTRY OF AN ORDER CLOSING CHAPTER 15 CASE

**PLEASE TAKE NOTICE** that on December 6, 2019, Carine Van Landschoot, in her capacity as the duly appointed foreign representative (the "**Foreign Representative**") of the debtor (the "**Debtor**") in the above-captioned chapter 15 case (the "**Chapter 15 Case**"), filed the *Final Report of Foreign Representative and Motion for Entry of an Order Closing Chapter 15 Case* (the "**Final Report and Motion**"). A copy of the Final Report and Motion is annexed hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that any response or objection to the Final Report and Motion must be in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and must be (i) filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801; (ii) served upon the Office of the United States Trustee for the District of Delaware; (iii) served upon the Foreign Representative's counsel, (a) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Matthew S. Barr,

---

[1] The identifying four digits of the Debtor's U.S. federal tax identification number are 1748. The identifying four digits of the Debtor's local U.K. tax identification number are 2112. The Debtor's (UK) company registration number is 03012604. The location of the Debtor's corporate headquarters and registered office is Unit 5 Logix Road, R D Park, Watling Street, Hinckley, Leicestershire, LE10 3BQ, United Kingdom.

Esq., Ryan Preston Dahl, Esq., and Andriana Georgallas, Esq.), and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Laura Davis Jones, Esq. and Timothy P. Cairns, Esq.); (iv) served upon the Ad Hoc Group's counsel, (a) Jones Day, 250 Vesey Street, New York, New York 10281 (Attn: Nicholas J. Morin, Esq.) and (b) Richards, Layton & Finger, 920 N. King Street, Wilmington, Delaware 19201 (Attn: Mark D. Collins, Esq.); and (v) served upon HoldCo's counsel, (a) Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017 (Attn: Sandeep Qusba, Esq., Edward R. Linden, Esq., and Chase A. Bentley, Esq.) and (b) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Edmon L. Morton, Esq. and Sean T. Greecher, Esq.), so as to be **actually received** no later than **January 8, 2020, at 4:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if a written objection (an "**Objection**") is timely filed by the Objection Deadline, a hearing will be scheduled (the "**Hearing**") to consider the Final Report and Motion.

**PLEASE TAKE FURTHER NOTICE** that any objecting party must appear at the Hearing, which may be adjourned from time to time without further notice other than an announcement in open court or a notice of adjournment filed with the Court, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that if no Objection is timely filed and served as provided above, the Foreign Representative may, on or after the Objection Deadline, submit to the Court an order substantially in the form of the Proposed Order annexed to the Final Report and

2

Motion as **Exhibit B**, which Proposed Order may be entered without further notice or opportunity to be heard.

Dated: December 6, 2019
       Wilmington, Delaware

/s/ *Timothy P. Cairns*
PACHULSKI STANG ZIEHL & JONES LLP
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
      tcairns@pszjlaw.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for the Foreign Representative*

## Exhibit 1

**Final Report and Motion**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------------- x
**In re:**                                                                              :
                                                                                               :    **Chapter 15**
                                                                                               :
**SYNCREON AUTOMOTIVE (UK) LTD.**              :    **Case No. 19–11702 (BLS)**
                                                                                               :
Debtor in a foreign proceeding.[1]                            :
                                                                                               :
---------------------------------------------------------------- x

## FINAL REPORT OF FOREIGN REPRESENTATIVE AND MOTION FOR ENTRY OF AN ORDER CLOSING CHAPTER 15 CASE

Carine Van Landschoot, the duly-authorized and recognized foreign representative (the "**Foreign Representative**")[2] of syncreon Automotive (UK) Ltd. (the "**Debtor**" and, together with syncreon Group Holdings B.V. ("**OpCo**") and OpCo's subsidiaries, including the Debtor, the "**Company**"), in the above-captioned chapter 15 case (the "**Chapter 15 Case**"), respectfully submits this (i) final report (the "**Final Report**"), pursuant to Rule 5009(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 5009-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and (ii) motion (the "**Motion**" and, together with the Final Report, the "**Final Report and Motion**") for entry of an order, pursuant to sections 350 and 1517(d) of

---

[1] The identifying four digits of the Debtor's U.S. federal tax identification number are 1748. The identifying four digits of the Debtor's local U.K. tax identification number are 2112. The Debtor's (UK) company registration number is 03012604. The location of the Debtor's corporate headquarters and registered office is Unit 5 Logix Road, R D Park, Watling Street, Hinckley, Leicestershire, LE10 3BQ, United Kingdom.

[2] Capitalized terms used but not defined herein shall the meaning assigned to such terms in the *Declaration of Carine Van Landschoot in Support of Motion for Recognition of Foreign Main Proceeding and Request for Certain Related Relief* [D.I. 4] (the "**Original Declaration**") and the *Supplemental Declaration of Carine Van Landschoot in Support for Recognition of Foreign Main Proceeding and Request for Certain Related Relief* [D.I. 35] (the "**Supplemental Declaration**" and, together with the Original Declaration, the "**Van Landschoot Declarations**").

title 11 of the United States Code (the "**Bankruptcy Code**"), closing the Chapter 15 Case. In support of the Motion, the Foreign Representative respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Foreign Representative properly commenced this Chapter 15 Case pursuant to sections 1504 and 1509 of the Bankruptcy Code by the filing of a petition for recognition of the English Proceeding (as defined below) under section 1515 of the Bankruptcy Code.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Local Rule 9013-1(f), the Foreign Representative consents to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue is proper before the Court pursuant to 28 U.S.C. § 1410 as the Debtor has assets in the United States located in Delaware, as described further in the Recognition Motion (as defined below) and the Original Declaration.

## FINAL REPORT

4. On July 30, 2019, the Foreign Representative commenced this Chapter 15 Case by petitioning the United States Bankruptcy Court for the District of Delaware (the "**Court**") for recognition of a proceeding (the "**English Proceeding**") pending before the High Court of Justice of England and Wales (the "**English Court**") concerning a scheme of arrangement (the "**Scheme**") commenced pursuant to Part 26 of the Companies Act of 2006 (the "**Companies Act**").

2

5. As discussed in more detail in the Van Landschoot Declarations, the Foreign Representative commenced this Chapter 15 Case on behalf of the Debtor to ensure the success of a comprehensive balance sheet restructuring of the Company involving approximately $1.1 billion of funded debt (the "**Restructuring**") to be effectuated through the Scheme and recognition proceedings in the United States and Canada.

6. The Foreign Representative's activities in this Court included filing the *Motion for Recognition of Foreign Main Proceeding and Request for Certain Related Relief* [D.I. 3] (the "**Recognition Motion**"), pursuant to which the Foreign Representative sought, among other things, recognition of the English Proceeding, the Scheme, the English Orders, the Deed of Release, and the Restructuring Implementation Deed, including enforcement of the Releases and all discharges of debt contemplated by the foregoing.

7. On July 10, 2019, the Debtor and the Dutch Borrower issued the Practice Statement Letter to the Scheme Creditors. Among other things, the Practice Statement Letter notified the Scheme Creditors of the Debtor's intention to propose the Scheme and apply to the English Court for permission to convene the Scheme Meetings, the class composition of the Scheme Creditors under the Scheme, and the Debtor's intention to commence this Chapter 15 Case to obtain recognition of the Scheme (as a condition to the effectiveness of the Scheme).

8. On July 22, 2019, each of the Debtor and the Dutch Borrower applied to the English Court for permission to convene meetings of creditors for the purpose of considering and approving the Scheme. The English Court considered that application at a hearing on July 25, 2019 and issued the Convening Order, which, among other things, ordered the convening of the Scheme Meetings of the Scheme Creditors on September 3, 2019.

3

9.  In accordance with the Convening Order, the Debtor convened the Scheme Meetings on September 3, 2019 at the offices of Weil, Gotshal & Manges (London) LLP, 110 Fetter Lane, London, EC4A 1AY, United Kingdom, during which the Scheme Creditors approved the Scheme by the requisite majorities.

10. On September 10, 2019, the English Court held a hearing to consider whether to enter an order sanctioning the Scheme. At such hearing, the English Court found that all of the requirements for sanctioning the Scheme had been satisfied. Accordingly, the English Court sanctioned the Scheme. On September 11, 2019, the Debtor filed the Sanction Order at the Companies House as required by the Sanction Order. Upon the filing of the Sanction Order with the Companies House, the Scheme became effective.[3]

11. On September 11, 2019, this Court entered the *Order Granting Recognition of Foreign Main Proceeding and Certain Related Relief* [D.I. 37] (the "**Recognition Order**"), pursuant to which this Court, among other things, (i) granted recognition of the English Proceeding as a "foreign main proceeding" pursuant to chapter 15 of the Bankruptcy Code; (ii) granted recognition of the Foreign Representative as the "foreign representative," as defined in section 101(24) of the Bankruptcy Code, in respect of the English Proceeding; (iii) recognized, granted comity to, and gave full force and effect in the United States to the English Proceeding, the Scheme Document, and the English Orders; and (iv) enjoined parties from taking any action otherwise inconsistent with the Scheme and the related orders entered by the English Court.

---

[3] The Foreign Representative respectfully refers the Court to the Van Landschoot Declarations for additional detail regarding the English Proceedings.

12.  On or before October 1, 2019, all documents and agreements necessary to implement the Restructuring contemplated by the Scheme were executed. On October 1, 2019, the Restructuring Effective Date (as defined in the Scheme Document) occurred.

## RELIEF REQUESTED

13.  The Foreign Representative requests entry of the proposed order substantially in the form attached hereto as **Exhibit B** (the "**Proposed Order**") and further requests that this Court retain jurisdiction to adjudicate any disputes that may arise as to the effect in the United States of the Recognition Order, the English Proceeding, the Scheme, the English Orders, the Deed of Release, and the Restructuring Implementation Deed.

## BASIS FOR RELIEF REQUESTED

14.  Section 1517(d) of the Bankruptcy Code provides that "[a] case under this chapter may be closed in the manner prescribed under section 350." 11 U.S.C. § 1517(d). Pursuant to section 350 of the Bankruptcy Code, a case may be closed "[a]fter an estate is fully administered." 11 U.S.C. § 350(a). However, a chapter 15 case has no "estate" per se. *See In re ABC Learning Centres Ltd.*, 728 F.3d 301, 312 (3d Cir. 2013) ("[U]nder Chapter 15 a court does not create a separate bankruptcy estate."). Thus, a chapter 15 case may be closed, "when the purpose of the foreign representative's appearance in court is completed." Fed. Rule Bankr. P. 5009(c).

15.  A chapter 15 case is deemed fully administered when the purpose for the foreign representative's appearance in court is complete. *See* Fed. R. Bankr. P. 5009(c). If no objection to the final report is filed after 30 days' notice, the case is presumed to have been fully administered and may be closed. Local Rule 5009-2(b); Fed R. Bankr. P. 5009(c).

16.  As discussed above, the transactions contemplated by the Scheme have been completed and the Restructuring has been effectuated. While a chapter 15 case does not

5

create an estate under the Bankruptcy Code, the Foreign Representative submits that the occurrence of these events means that the Debtor's estate (or its functional equivalent to the extent a similar concept exists under English law in respect of schemes of arrangement) has been fully administered and that this Chapter 15 Case may be closed.

## NOTICE

17. In accordance with Bankruptcy Rule 5009(c), notice of the filing of this Final Report and Motion, substantially in the form annexed hereto as **Exhibit A** (the "**Notice of Final Report and Motion**"), will be served on the Notice Parties (as defined in the Scheduling Motion [D.I. 4]). As a result of the occurrence of the Restructuring Effective Date and the discharge of the Scheme Debt, it is no longer practicable to serve the Scheme Creditors through Debtdomain or DTC. Accordingly, notice to the Scheme Creditors will be effected by the Information Agent only through posting the Notice of Final Report and Motion to the website that has been established in connection with the English Proceeding: https://www.lucid-is.com/syncreon/. The Foreign Representative submits that, in view of the facts and circumstances, such notice is adequate and sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

18. No previous request for the relief sought herein has been made by the Foreign Representative to this or any other court.

WHEREFORE the Foreign Representative respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: December 6, 2019
      Wilmington, Delaware

*/s/ Timothy P. Cairns*
PACHULSKI STANG ZIEHL & JONES LLP
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
       tcairns@pszjlaw.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for the Foreign Representative*